STATE, Respondent, vs. SERAPHINE and another, Appellants.

*January 8—February 2, 1954.*

120

For the appellants there was a brief and oral argument by *A. L. Tilton* of Milwaukee.

For the respondent there was a brief by the *Attorney General* and *Stewart G. Honeck,* deputy attorney general, and *William A. Platz,* assistant attorney general, and oral argument by *Mr. Honeck* and *Mr. Platz.*

BROADFOOT, J.   Secs. 85.47 (1) (a) and (d), Stats., deal with overloads on Class "A" highways.  It is the first con-

tention of the defendants upon this appeal that the state failed to prove that the highway upon which the defendants were traveling at the time of the alleged violations was a Class "A" highway. The statutes provide that state trunk highways and connecting streets shall be designated as Class "A" highways. The highways in this state designated as United States highways are actually a part of the state trunk highway system. Thus, the stipulations indicate that the three alleged violations occurred on a street in the village of Menomonee Falls, constituting a part of the marked route of U. S. Highway 41. The weight limitations on Class "B" highways are less than those provided for on Class "A" highways. Thus it was to the advantage of the defendants to be charged with violations upon a Class "A" highway. They were not prejudiced thereby, but in any event the stipulations, in view of the various statutory provisions, show that the alleged violations were upon a Class "A" highway.

It is next contended that the statutes are unconstitutional in that the penalty sections provide for excessive fines, in violation of sec. 6, art. I of the Wisconsin constitution. The parties agree that the rule to be followed in determining whether or not a fine is excessive is correctly stated in 24 C. J. S., Criminal Law, p. 1191, sec. 1978 c., as follows:

"The courts are reluctant to say that the legislature has exceeded its power in authorizing excessive fines, and as a general rule will not do so except in a very clear case; and, therefore, the widest latitude should be given to the discretion and judgment of the legislature in determining the amount necessary to accomplish the object and purpose it has in view. In determining whether a fine authorized by statute is excessive in the constitutional sense, due regard must be had to the object designed to be accomplished, to the importance and magnitude of the public interest sought to be protected, to the circumstances and the nature of the act for which it is imposed, and in some instances, to the ability of accused to pay. In order to justify the court in interfering and setting

aside a judgment for a fine authorized by statute, the fine imposed must be so excessive and unusual, and so disproportionate to the offense committed, as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances. . . ."

Although constitutional questions were not raised, this court passed upon penalties in several cases for violations because of overloading trucks, and fines much in excess of those before us were approved. *State v. Stang Tank Line,* 264 Wis. 570, 59 N. W. (2d) 800; *State v. Friedrich & Loots Co.* 264 Wis. 577, 59 N. W. (2d) 803. Applying the rule quoted above, we cannot find that the fines in question are so disproportionate to the offense committed as to shock public sentiment and violate the judgment of reasonable people concerning what is proper.

Attention is called to the fact that the legislature in 1953 reduced the penalties for overloads upon the highways. This is no proof that the original schedules were excessive in the sense referred to in the state constitution. The defendants contend that the penalties are excessive in the constitutional sense in that small truckers might be forced out of business by one flagrant violation. No claim is made that the penalties were so excessive in the present cases that either of the defendants will be forced out of business. The evident purpose of overloading is profit, and the greater the overload the greater the profit if the operator is not detected sufficiently often and the penalty is not sufficiently severe to make overloading unprofitable. The certainty and the frequency of the conviction act together to determine what penalty is adequate to discourage the unlawful practice. A graduated fine, as the statute imposes, does not appear to us to be unreasonable nor excessive even in its higher brackets. A small overload which may occur through carelessness is covered by the tolerance permitted by statute or is lightly punished. A large

overload implies affirmative intent to violate the law for mercenary motives. The legislature has great discretion in prescribing the penalty which it deems appropriate to deal with the evil to be controlled. The graduated scale of penalties in the statute we are considering does not exceed such constitutional discretion.

The defendants next contend that the statutes in question are not a valid exercise of the police power in that the penalties are higher than are needed to protect the highways of the state. The operation of motor vehicles upon the highways of the state is a privilege and not a property right, and is subject to reasonable regulations under the police power. *State v. Stehlek,* 262 Wis. 642, 56 N. W. (2d) 514. In effect the defendants argue that the statutes are not a valid exercise of the police power because of the severity of the penalties. Since we have determined that the penalties are not excessive in the constitutional sense, it must be held that the statutes are a valid exercise of the police power by the legislature.

The defendants next contend that these statutes abrogate the power of the judiciary in that the trial judges are given no discretion as to the penalties to be imposed. This argument was made in the *Stang* and *Friedrich Cases, supra.* Those decisions are controlling here.

Finally, the defendants contend that the statutes violate the equal-protection clauses of both the state and federal constitutions. This argument is based primarily upon an opinion of the attorney general of Wisconsin that trucks owned by counties and other municipalities are exempt from the statutes. Municipally owned trucks are not specifically excluded by the statute, and the opinion of the attorney general that they are exempt is based on the doctrine of sovereign immunity. Statutes are not subject to attack because they do not cover the entire field. Exemptions based upon proper

classifications have been upheld by this court. *State ex rel. Wisconsin Truck Owners Asso. v. Public Service Comm.* 207 Wis. 664, 242 N. W. 668. We can see no merit in the final contention of the defendants.

*By the Court.*—Judgments affirmed.