STATE, Plaintiff, v. NACZAS, Defendant.

*September 11—October 6, 1959.*

For the plaintiff the cause was argued by *William A. Platz,* assistant attorney general, with whom on the brief were *John W. Reynolds,* attorney general, and *Eugene R. Jackson,* district attorney of Chippewa county.

For the defendant there was a brief and oral argument by *George A. Hagerty* of Bruce.

BROWN, J. The defendant, John Naczas, owns and operates a number of machines which he uses in work in the construction of highways, clearing land, and logging. One of his machines, a caterpillar, required repairs. Naczas loaded the caterpillar upon a trailer and towed it with a truck to the repair shop. On his return trip he was arrested for exceeding the statutory weight limits of the loaded trailer set by sec. 348.15 (3) (b), Stats.

The trial court convicted Naczas of the offense. The statute provides penalties for its violation by fines graduated according to the amount of the overload, as declared in sec. 348.21 (3) (b) 1. In the case of Naczas, his overload of 7,600 pounds required a fine of $532, plus $50, total $582. Naczas submits that this sum is beyond his ability to pay and he has argued that as to him the fine violates sec. 6, art. I, Wisconsin constitution, reading:

"Excessive bail shall not be required, nor shall excessive fines be imposed, nor cruel and unusual punishments inflicted."

After Naczas' conviction but before the trial court imposed sentence, the trial court reported the facts and the question of law to the supreme court by authority of sec. 958.08 (1), Stats. The trial court made these findings of fact:

"(1) It is beyond the ability of the defendant to pay the fine of $582, which fine must be assessed by the court under the terms of the statute;

"(2) Payment of the fine of $582 would force the defendant out of business, if he could somehow raise the money;

"(3) The excessive load was not being hauled by defendant for profit;

"(4) The excessive load was not divisible, so that part only could be loaded on the truck for one trip and the balance on another, but consisted of one large heavy piece of machinery, to wit: a caterpillar, and the entire machine was necessary for the necessary repair job then accomplished;

"(5) Defendant was hauling his own property and was receiving no pay for the trip;

"(6) The same load had been legally hauled over the same roads under a permit granted a short time before."

The trial court certified and reported this question:

"Is the statute in question, section 348.15 of the 1957 statutes unconstitutional in that it imposes an excessive fine in the constitutional sense under the facts and circumstances of this case?"

Within the bounds of constitutionality it is for the legislature to determine the mischief and the means used to deter offenders. In *State v. Seraphine* (1954), 266 Wis. 118, 62 N. W. (2d) 403, fines for overloading were imposed larger than those imposed against Naczas. In that case Seraphine contended that his fine was a violation of sec. 6, art. I of the Wisconsin constitution, just as Naczas contends here. The

constitutionality of the statute was sustained. Although the result of that appeal indicates that the *Seraphine Case* is against Naczas, he relies on language in our *Seraphine* opinion on pages 121, 122, where we quoted from 24 C. J. S., Criminal Law, p. 1191, sec. 1978 c, thus:

" 'In order to justify the court in interfering and setting aside a judgment for a fine authorized by statute, the fine imposed must be so excessive and unusual, and so disproportionate to the offense committed, as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances.' "

Naczas contends that his circumstances are such that the penalty bears so unusually heavily upon him that public sentiment is shocked and the fine in his case is excessive and therefore is unconstitutional.

The graduated scale of fines proportioned to the weight of the overload instead of the financial status of the loader does not shock public sentiment or violate the judgment of reasonable people concerning what is right and proper under the circumstances. It is the offense, overloading, which is to be prevented, by which the fine is to be measured, not the ability of the particular offender to sustain the penalty. The penalty is not to be varied or waived according to the wealth of the culprit.

In *People v. Wolfe* (1953), 338 Mich. 525, 61 N. W. (2d) 767, the court dealt with a case which seems to be on all fours with the one now before us. The Michigan case dealt with the argument which Naczas now presents to us. That court said (p. 541):

"The law may not be held invalid on the ground that in individual cases it may be difficult for one against whom the fine is assessed to make payment. Such a situation may arise in instances involving other penal statutes. The fact that a result of such nature may follow a violation of the law in a particular case, due to the financial situation of the offender

or to other conditions, cannot be given the effect of rendering the statute under which the prosecution is brought open to objection on constitutional grounds. In the case at bar the objection raised is not tenable."

We have no doubt that the statute under our consideration does not violate the guaranties of sec. 6, art. I of the Wisconsin constitution.

The statute is even less rigorous than at first it appears to be because sec. 348.25, Stats., makes it possible for a person with an excessive load to transport the load over the highway by gaining permission, upon proper showing, from the state highway commission, which may require security for damage which the overload may cause. Naczas knew of this privilege which would permit him to carry his load legally but he did not apply for a permit.

We have concluded that the question submitted to us by the trial court must be answered "No."

*By the Court.*—The question is answered "No," and the cause is remanded to the county court for further proceedings according to law.