Commonwealth *v.* Smith, Appellant.

Argued November 26, 1962.   Before Bell, C. J., Musmanno, Jones, Cohen, Eagen and O'Brien, JJ.

*Manus McHugh,* with him *Peter J. Verderame,* and *Strong and Sullivan,* for appellant.

*Leonard Barkan,* with him *Alan D. Williams, Jr.,* for appellee.

Opinion by Mr. Justice Cohen, January 8, 1963:

Appellant, Colon Shaw Smith, was charged with violating section 903 of The Vehicle Code by operating without special permit a tractor-trailer which was 43,-850 pounds in excess of the maximum weight allowed by that act.[1]   The vehicle in question was owned by the Ashdale Corporation.   Smith was taken before a

---

[1] The weight allowance for the vehicle in question was 60,000 pounds; appellant's vehicle with load weighed 103,850 pounds. Act of May 1, 1929, P. L. 905, as last amended, June 30, 1955, P. L. 225. Subsequent to the violation in question, The Vehicle Code was codified and revised—without major change in the overweight provision—and presently appears at 75 P.S. §903.

justice of the peace where a hearing was held at which appellant pleaded guilty. A fine of $4,350 plus costs was imposed in accordance with the rising scale of penalties set forth in section 903.

Appellant posted bond and perfected an appeal to the Court of Quarter Sessions of Bucks County where a trial de novo was held as provided by the Act of April 17, 1876, as amended.[2]  At this trial, a document was filed entitled "Petition of Ashdale Corporation to intervene in the above proceeding and for a declaratory judgment." Although apparently no formal action was taken by the court below on the propriety of this petition, Ashdale's contentions raising the constitutionality of section 903 of The Vehicle Code were discussed and dismissed. Ashdale has not taken any further action in this matter. The court below found appellant guilty and entered an order imposing a fine of $4,350 plus costs upon him. This appeal followed.

At the outset, we are confronted with a motion to quash raising the question whether this appeal was properly taken to this Court rather than to the Superior Court. The Act of April 17, 1876, as amended, provides that summary convictions before a magistrate or court not of record may be appealed to the court of quarter sessions. It is silent as to further appeals. The Vehicle Code is likewise silent as to appeals from the court of quarter sessions. In such a situation, appeal lies to this Court by broad certiorari and not to the Superior Court. *Bell Appeal,* 396 Pa. 592, 152 A. 2d 731 (1959) ; see also *Commonwealth v. Hanzlik,* 191 Pa. Superior Ct. 460, 157 A. 2d 97 (1960). The motion to quash is therefore denied.

Appellant raises two contentions: (1) that section 903 violates due process by empowering a magistrate upon non-payment of the fine imposed on the driver

---

[2] Act of June 3, 1953, P. L. 272, §1, 19 P.S. §1189 (Supp. 1961).

to impound and sell the motor vehicle without notice or opportunity to be heard by the owner thereof; (2) that the schedule of fines imposed by section 903 is excessive and therefore violative of section 13 of article I of the Pennsylvania Constitution and the eighth amendment to the federal constitution.

As for the first contention, we have difficulty in comprehending how that question is relevant to this proceeding. In the first place, the only issue before us is the validity of the fine imposed upon appellant, the driver of the truck. Since appellant cannot be harmed by the impounding provision, he has no standing to resist the enforcement of section 903 on the theory that it may be unconstitutional as applied to the owner of the vehicle. See *Commonwealth v. Dollar Sav. Bank,* 259 Pa. 138, 102 Atl. 569 (1917); *Commonwealth v. Bristow,* 185 Pa. Superior Ct. 448, 138 A. 2d 156 (1958).

Secondly, the validity of this fine is not dependent upon the constitutionality of the impounding provision. If the latter were declared unconstitutional, it would be severed and the remainder of section 903, including the provision for fines, would still be enforceable. Act of May 1, 1929, P. L. 905, §105; see also Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, §55, 46 P.S. §555.

Finally, even if appellant were permitted to raise the constitutionality of the impounding provision, such question would be moot under the facts of this case since no impounding or sale of the vehicle occurred. Section 903 authorizes the magistrate to impound a vehicle only "in default of payment of any fine and costs of prosecution." By posting bond and appealing to the court of quarter sessions, security was provided for payment of the $4,350 fine and the vehicle was returned to the Ashdale Corporation. It is argued that, without an opportunity to question the validity of the

impounding provision, Ashdale was coerced into posting bond or paying the fine in order to prevent a sale of its vehicle. However, contrary to what appellant would have us believe, section 903 provides for adequate notice of impounding to the owner of the vehicle and a waiting period of 60 days during which time the owner can appear and raise the very constitutional questions which Ashdale has attempted to raise indirectly through appellant in this proceeding.

Consequently, the constitutionality of the impounding provision not properly being before us, orderly judicial procedure demands that we not pass upon it. See *Robinson Township School District v. Houghton,* 387 Pa. 236, 128 A. 2d 58 (1956).

Appellant, of course, does have standing to raise the question whether the fines imposed by section 903 are excessive and hence unconstitutional. Section 903 provides that where a vehicle exceeds the maximum weight limit by more than three percent, the operator shall be fined, if the excess is over 6500 pounds, $600 plus $50 for every 500 pounds, or part thereof, over 6500 pounds. By use of this formula, appellant incurred a fine of $4,350 for 43,850 pounds of excess weight.

The purpose of the overweight provision of The Vehicle Code is to protect the highways of the Commonwealth from damage and to insure the safety of those traveling upon the highways. *Commonwealth v. Burall,* 146 Pa. Superior Ct. 525, 22 A. 2d 619 (1941); *McDonald v. Pennsylvania R. Co.,* 210 F. 2d 524 (3d Cir. 1954). The fine provision, of course, is designed to deter potential violators. It was quite evident to the 1955 session of the legislature that the $50 fine *for each violation,* imposed by the previous act, was *not* serving this function since the profits accruing from the excess loads more than compensated for the penalty inflicted. That legislature, therefore, decided to increase the amount of the fines and to graduate them

according to the amount of the overweight, instead of imposing a flat rate for each violation. Such a decision was not irrational or unreasonable, but on the contrary was quite sensible, and hence there is no merit to appellant's contention. Cf. *People v. Magoni,* 73 Cal. App. 78, 238 P. 112 (1925).

Judgment affirmed.