440 A.2d 599

COMMONWEALTH of Pennsylvania,

v.

Richard A. MERCER, Appellant.

Superior Court of Pennsylvania.

Argued Jan. 20, 1981.

Filed Jan. 22, 1982.

Richard W. Berlinger, Glenside, for appellant.

Richard E. Reilly, King of Prussia, for Commonwealth, appellee.

Before HESTER, POPOVICH and Di SALLE *, JJ.

\* Decision was rendered prior to Di SALLE, J. leaving the bench of the Superior Court of Pennsylvania.

HESTER, Judge:

This is an appeal from a judgment of sentence and a fine of $3,900.00 imposed upon the appellant, following a finding that the appellant was guilty of operating a vehicle exceeding the maximum permissible weights prescribed by the Pennsylvania Vehicle Code, Act of June 17, 1976, P.L. 162, No. 81, as amended, 75 Pa.C.S.A. Section 4941 et seq. Appellant was originally found guilty of this summary offense before a District Magistrate, which was affirmed, following a *de novo* hearing before the Court of Common Pleas of Montgomery County.

On January 16, 1980 at 11:55 a. m., Officer John R. Golbreski, a patrolman of the Upper Merion Township Police Department, observed the appellant operating a GMC truck tractor with a Fontaine trailer proceeding Eastbound on the Schuylkill Expressway (Interstate 76). According to Officer Golbreski, the tractor was straining, and the tires of the trailer were "ballooning". Officer Golbreski stopped the tractor-trailer on Interstate 76, Eastbound lane, near the Route 202 exit.

Upon request, appellant furnished Officer Golbreski his bill of lading, which indicated that appellant was hauling a load weighing 58,800 pounds. Appellant was hauling this load, as an independent contractor, for Kreitz Motor Express, a specialized carrier of oversized loads by motor truck. Appellant's trip was from Penn Iron Works in Reading to Warner Swazey Company in King of Prussia. Appellant was paid approximately $300.00 for this trip.

It is undisputed that the load included four pieces of heavy equipment, which were apparently unfinished parts of furnaces known as weldments.

Officer Golbreski directed appellant to follow him to the Township scales where the vehicle was weighed. It is undisputed that the gross weight of the vehicle was 88,340 pounds. On the basis of this weighing, Officer Golbreski issued a citation assessing a fine of $3,900.00 pursuant to the Vehicle Code, 75 Pa.C.S.A. Section 4945(a).

On the day following the issuance of the citation, Kreitz Motor Express produced a permit for appellant's load which purported to authorize the operation of the vehicle at a weight of 90,000 pounds. It is undisputed that said permit was improperly issued, or was issued on the basis of false information, due to the fact that the load in question was divisible. Under the circumstances relevant to this case, the Vehicle Code authorizes a special permit for hauling a load in excess of the maximum weight requirement only if the load is "non divisible". 75 Pa.C.S.A. Section 4961(a)(2). It is also undisputed that the appellant did not comply with the Vehicle Code, 75 Pa.C.S.A. Section 4962(b), which states, "Display of permit—Every permit shall be carried in the towing vehicle and shall be open to inspection by any police officer or authorized agent of the issuing agency or any person having an accident involving a permitted vehicle or combination."

Appellant contends that, due to the fact that a special permit had been issued to Kreitz, authorizing a weight up to 90,000 pounds, Subchapter C of Chapter 49 of the Vehicle Code, 75 Pa.C.S.A. Section 4941 et seq., is inapplicable. Appellant admits violating Subchapter D of Chapter 49 of the Vehicle Code, 75 Pa.C.S.A. Section 4961 et seq., since the load in question was divisible and since he did not carry the permit at the time he was stopped by Officer Golbreski.

Appellant further argues that the penalties for exceeding maximum weights, specified by Subchapter C of Chapter 49 of the Code, 75 Pa.C.S.A. Section 4945(a), are not applicable to his offense, since a special permit had been issued pursuant to Subchapter D of Chapter 49. Appellant urges that the fine for his offense is controlled by 75 Pa.C.S.A. Section 4907 which states:

"Any person violating any provision of this chapter [Chapter 49, SIZE, WEIGHT, AND LOAD] for which a penalty is not otherwise provided is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of not less than $50.00 nor more than $100.00."

We disagree.

█ The permit in question authorized the transportation of "a furnace" up to a maximum weight of 90,000 pounds. "A furnace" would presumably be a non-divisible load, for which the issuance of a special permit is authorized by the Vehicle Code, 75 Pa.C.S.A. 4961(a)(2). Since the load in question was admittedly a divisible load of four separate components, the permit in question was invalid *ab initio,* since there is no statutory authority for its issuance.[1]

Since the permit in question was invalid, the appellant was properly fined pursuant to 75 Pa.C.S.A. Section 4945(a) for operating a vehicle or combination exceeding the maximum gross weight without a valid permit.[2]

Since the permit was invalid, appellant's offense constitutes a safety violation, rather than a registration violation. *Commonwealth v. Smith,* 409 Pa. 521, 187 A.2d 267, 270 (1963); *Commonwealth v. Dunn,* 478 Pa. 35, 385 A.2d 1299, 1307 (1978); *Commonwealth v. Tirpak,* 271 Pa.Super. 357, 413 A.2d 705, 707 (1979).

█ Appellant also contends that the fine of $3,900.00 is confiscatory under the circumstances. Appellant admitted at trial that he had no idea how much weight he was carrying until Officer Golbreski weighed him at the township scale. We find that the fine in question is a proper exercise of the police power of the Commonwealth, to preserve the safety of the travelling public and to maintain the roads of the Commonwealth in a suitable condition. The load in question could have, and should have, been transported in two separate loads. The fact that it was not consti-

1. The permit in question was apparently secured from the Pennsylvania Department of Transportation as a result of information conveyed to the Department via telephone. While not passing judgment on this lenient practice, under these circumstances, the permitee would have the burden of establishing that the correct information was conveyed to the Department and that the issuance of the permit is authorized by the Vehicle Code.

2. We do not reach the issue whether the failure to display a valid permit in violation of 75 Pa.C.S.A. Section 4962(b), under other circumstances, would solely compel the invalidation of the permit.

tutes a violation of Chapter 49, Subchapter C of the Vehicle Code, 75 Pa.C.S.A. Section 4941 et seq.[3] *Smith, supra.*

Appellant also contests whether Officer Golbreski had probable cause to stop him and whether Officer Golbreski, a township police officer, has the authority or jurisdiction to arrest him on a ramp of Interstate 76.

It is undisputed that the appellant was arrested within the territorial limits of Upper Merion Township.

The Vehicle Code, 75 Pa.C.S.A. Section 4981(a) states:

"Any police officer is authorized to require the driver of any vehicle or combination to stop and submit the vehicle or combination to be measured and weighed. . . . "

The Vehicle Code, 75 Pa.C.S.A. Section 6109(a) also states:

"The provisions of this title [Title 75] shall not be deemed to prevent the department on State-designated highways *and local authorities on streets or highways within their physical boundaries* from the reasonable exercise of their police powers."

(Emphasis supplied).

Under the circumstances, Officer Golbreski's conduct represents a reasonable exercise of the police power of the township, in avoiding a safety hazard to the travelling public, in protecting township roads and in enforcing the laws of the Commonwealth of Pennsylvania.

Officer Golbreski testified "the vehicle was straining, the tires ballooning."

Under these circumstances, he had probable cause to stop the truck and require that it be weighed. *Commonwealth v. Caporiccio,* 210 Pa.Super. 230, 232 A.2d 42 (1967); *Commonwealth v. Mentz,* 3 D. & C.3d 257 (1975).

Judgment of sentence affirmed.

**3.** Appellant also testified that he was aware that the maximum permitted weight of his truck, trailer and merchandise was 73,280 pounds without a permit. He also estimated that the weight of the truck and trailer was approximately 30,000 pounds. The bill of lading which appellant supplied to Officer Golbreski showed that the weight of his load was 58,800 pounds. Therefore, with any degree of diligence, appellant should have required a special permit before agreeing to carry the load.