J-S05008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSHUA MITCHELL MARKELWITZ, | |
| Appellant | No. 575 MDA 2015 |

Appeal from the Judgment of Sentence Entered December 30, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):
CP-22-CR-0000319-2013
CP-22-CR-0000325-2013

BEFORE:  BENDER, P.J.E., SHOGAN, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED JANUARY 20, 2016**

Appellant, Joshua Mitchell Markelwitz, appeals from the December 30, 2014 judgment of sentence of an aggregate term of 12 to 24 years' incarceration, following by 8 years' probation, imposed after he entered a negotiated guilty plea to numerous sexual offenses committed against two minor, female victims.  Appellant challenges the court's imposition of a $600 fine and $757.04 in restitution, as well as the weight of the evidence to support the court's designating him as a sexually violent predator.  After careful review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

We have examined the certified record, the briefs of the parties, and the applicable law. Additionally, we have reviewed the thorough opinion of The Honorable Richard A. Lewis, President Judge of the Dauphin County Court of Common Pleas. We conclude that President Judge Lewis' well-reasoned opinion accurately disposes of the issues presented by Appellant. Accordingly, we adopt President Judge Lewis' opinion as our own and affirm Appellant's judgment of sentence on the rationale set forth therein.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/20/2016

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
: DAUPHIN COUNTY, PENNSYLVANIA
:
v. : DOCKET NO.: 319, 325 CR 2013
:
JOSHUA MARKELWITZ : (575 MDA 2015)

## MEMORANDUM OPINION

Appellant, Joshua Markelwitz ("Markelwitz") is appealing this Court's judgment of sentence entered December 22, 2014. This opinion is written pursuant to Pa.R.A.P. 1925(a).

## PROCEDURAL HISTORY

At both of the above-captioned dockets, Appellant was charged with the following offenses: Rape of Child,[1] Involuntary Deviate Sexual Intercourse (IDSI) with a Child,[2] IDSI -- Person Less Than 16 Years of Age,[3] Aggravated Indecent Assault – Complainant Less Than 13 Years of Age,[4] Aggravated Indecent Assault – Complainant Less Than 16 Years of Age,[5] Indecent Assault – Person Less Than 13 Years of Age,[6] Indecent Assault – Person Less Than 16 Years of Age,[7] Indecent Exposure,[8] Unlawful

---

[1] 18 Pa.C.S. §3121(C).
[2] 18 Pa.C.S. §3123(B).
[3] 18 Pa.C.S. §3123(A)(7).
[4] 18 Pa.C.S. §3125(A)(7).
[5] 18 Pa.C.S. §3125(A)(8).
[6] 18 Pa.C.S. §3126(A)(7).
[7] 18 Pa.C.S. §3126(A)(8).
[8] 18 Pa.C.S. §3127(A).

4 – 16

Contact With a Minor – Sexual Offenses,[9] Corruption of Minors (3 counts),[10] Criminal Solicitation – Dissemination of Photo/Film of Child Sex Acts,[11] Indecent Assault Without Consent,[12] Sexual Abuse of Children – Photographing/Filming/Depicting on Computer of Child Sex Act,[13] Unlawful Contact With a Minor – Sexual Abuse,[14] and Furnishing Liquor to a Minor.[15] On June 5, 2014, Markelwitz entered into a negotiated guilty plea agreement resolving the charges at both dockets.[16]

The Commonwealth filed a Notice of Intent to have defendant classified as a sexually violent predator. This Court ordered an assessment by the Sexual Offenders Assessment Board (SOAB). Upon defendant's motion, this Court continued sentencing pending the SOAB assessment. On December 22, 2014, a hearing was held for the purpose of determining whether Markelwitz should be classified as a sexually violent predator (SVP).

At the conclusion of the December 22, 2014 hearing, this Court found that Markelwitz should be classified as a sexually violent predator. He was notified regarding the Tier III sexual offender lifetime registration requirements and sentence was imposed. In accordance with the plea agreement, Markelwitz was sentenced at both dockets to an aggregate term of incarceration of 144 to 288 months followed by a 96

---

[9] 18 Pa.C.S. §6318(A)(1).
[10] 18 Pa.C.S. §6301(A)(1).
[11] 18 Pa.C.S. §902(A).
[12] 18 Pa.C.S. §3126(A)(1).
[13] 18 Pa.C.S. §6312(B).
[14] 18 Pa.C.S. §6318(A)(5).
[15] 18 Pa.C.S. §6310.1(A).
[16] Pursuant to the negotiated agreement, counts 1,2,4 and 6 were withdrawn by the Commonwealth at Docket No. 325 CR 2013.

month consecutive term of state probation.[17]  Along with fines totaling $600 and payment of the costs of prosecution, this Court ordered restitution in the amount of $757.04 to the Crime Victim's Compensation Fund.

Post-Sentence Motions were timely filed and subsequently denied by order dated February 25, 2015.  A Notice of Appeal to the Pennsylvania Superior Court was filed on March 27, 2015.  In compliance with this Court's Order, Markelwitz timely filed a Statement of Errors Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b) raising the following issues for review:

1.     The trial court imposed an illegal sentence where it failed to inquire into Appellant's ability to pay a fine pursuant to 42 Pa.C.S.A. 9726(b)-(d) and illegally awarded restitution to a third-party instead of the victim.

2.     The trial court erred in denying Appellant's Post-Sentence Motion where his fine was excessive and unreasonable and constitutes too severe a punishment where the trial court failed to inquire into Appellant's ability to pay a fine pursuant to 42 Pa.C.S.A. 9726(b)-(d) and illegally awarded restitution to a third-party instead of the victim.

3.     The trial court erred in denying Appellant's Post-Sentence Motion where Appellant's Sexually Violent Predator designation was against the weight of the evidence so as to shock one's sense of justice where the Commonwealth did not demonstrate that a proper balancing of the statutorily prescribed factors[18], including but limited to the nature of the offense, Appellant's prior offense history, and Appellant's risk of reoffending, indicated that Appellant is a sexually violent predator.

For the reasons set forth below, this Court finds that Appellant's claims of error are without merit.

---

[17] As pointed out by counsel in Defendant's Post-Sentence Motion and the Commonwealth's Answer thereto, this Court notes that the probationary sentence at 325 CR 2013 was mistakenly reflected on the docket as running consecutive to Count 8 instead of consecutive to Count 9, per the plea agreement. This matter was addressed in the Court's February 25, 2015 order disposing of Defendant's Post-Sentence Motion.

[18] [1] 42 Pa.C.S.A. 9799.24. (Footnote in original).

3

## FACTUAL BACKGROUND

The charges in this matter stem from Markelwitz's improper and illegal sexual relationships with two minor females he had access to by virtue of his position as a leader of a church youth group and as a volunteer with a high school. One relationship took place when the female victim was between 12-14 years old. The other relationship involved a high school student who was between 16-17 years old. Depending on the individual victim, Markelwitz's inappropriate and unlawful sexual behavior included oral intercourse, digital penetration, indecent touching and the exchange of sexually explicit photographs. Markelwitz also furnished alcohol to one of the minors. Markelwitz befriended the victims as a sort of mentor prior to initiating sexual contact and ensured the victim's silence through threats of physical harm to them and their family members.

Following his guilty plea, this Court held a hearing to determine his status as a sexually violent predator (SVP). The Commonwealth presented the testimony of Dr. Robert M. Stein ("Dr. Stein") and Markelwitz presented the testimony of Dr. Timothy P. Foley ("Dr. Foley"). Each doctor was qualified as expert witness. (Notes of Testimony, SVP at 10; 48-49).[19]

Dr. Stein has a private psychology practice and also performs assessments for the Pennsylvania Sexual Offenders Assessment Board (SOAB). (N.T. SVP at 4-5). Dr. Stein testified that he has assessed more than 1500 sexual offenders and has testified as an expert in his field more than 400 times. To perform his assessment, Dr. Stein reviewed a report from the SOAB investigator, a response from defense counsel, the

---

[19] Herein after "N.T. SVP."

4

affidavits of probable cause, the criminal informations and police complaints filed in both cases, the case surveillance materials including the recording of a phone call and the computer forensic analysis of Markelwitz's computer, and the Children's Resource Center reports and records. (N.T. SVP at 7). Markelwitz did not participate in the assessment. (Id.) Dr. Stein considered the fifteen (15) statutory factors in forming his opinion as to whether Markelwitz should be classified as an SVP and submitted a report of his findings for the record. (N.T. SVP at 69). At the hearing, Dr. Stein testified to his conclusion on each finding. (N.T. SVP at 8-13).

Dr. Stein's assessment resulted in him opining within a reasonable degree of professional certainty that Appellant should be designated a sexually violent predator. (N.T., SVP at 21-22). More specifically, Dr. Stein testified that Appellant suffers from the mental disorder called paraphilic disorder non-consent due to his sexual relationship with a non-mature, non-consenting partner that took place over a period of more than six months which condition he believes is incurable. (N.T., SVP at 15; 19). Dr. Stein found several factors significant when forming his opinion, including: Markelwitz perpetrated his crimes on more than one unrelated victim; he was clearly an adult during the commission of his crimes which consisted of repetitive penetrative sexual acts involving a victim beginning at the age of 12; one incident involved handcuffs; and a military court-martial for drawing down on a commanding officer that resulted in a "bad conduct" discharge. (N.T. SVP at 11-15).

Dr. Stein found that Markelwitz's actions, which included penetrative sexual acts with an individual beginning at the age of 12 at a time when he was 23 years old were indicative of sexual deviance. (N.T. SVP at 13-14). He acknowledged that due to the

5

other vicitm's age, he did not factor that relationship into his finding of sexual deviance; however, he considered Markelwitz's action with regard to the 16 year old victim as an aggravating factor as it was part of an anti-social "rule-breaking" pattern of behavior. His disciplinary discharge from the military was also seen as indicative of the same anti-social behavior pattern. (N.T. SVP at 17-18). Dr. Stein testified that his assessment indicated a likelihood that Markelwitz would reoffend based on the lengthy pattern of improper sexual behavior, the predatory nature of the way he used his leadership positions to initiate the relationship, the grooming of a victim with expensive gifts, and the threats of harm if the vicitms revealed the relationships as a way of continuing the relationships. (N.T. SVP at 20-21).

Dr. Foley testified that he reviewed the same materials as Dr. Stein and also made his assessment without evaluating Markelwitz in person. (N.T. SVP at 50-51). Dr. Foley also submitted a report of his findings and testified regarding the differences between his conclusions and Dr. Stein's conclusions. (N.T. SVP at 51-69). Notably though, Dr. Foley did not dispute that Markelwitz's actions were predatory in nature. (N.T. SVP at 61).

Dr. Foley disagreed with Dr. Stein's diagnosis that Markelwitz suffers from paraphilic disorder non-consent. (N.T. SVP at 51). He views the diagnosis as too vague of a classification and believes this is the reason why it has been removed from the DSM-IV as of the publication of the DSM-V. Dr. Foley stated that the paraphilic disorder is used for rarer types of disorders like necrophilia or bestiality. (N.T. SVP at 51-54). Instead of relying upon the DSM-IV or DSM-V for his evaluation of Appellant, Dr. Foley used the Static-99R, an actuarial tool to formulate his opinion regarding Markelwitz's

6

status as an SVP. (N.T. at SVP at 56-57). Dr. Foley explained that when an evaluator considers the ten areas of evaluation on the test, each is assigned a number score depending on the corresponding answer. He stated that the Static-99R allows a clinician to form an opinion as to the dangerousness of a defendant or the likelihood of sexual misconduct going forward. (N.T. SVP at 56). After testifying to the Static-99R's factors as applied to Markelwitz, Dr. Foley concluded that he scored in the low range with regard to the risk of reoffending. (N.T. SVP at 58-60). As to his opinion on whether Appellant met the statutory criteria for classification as an SVP, Dr. Foley opined that he did not. His opinion was based on what he described as a lack of a sufficient basis to find a mental abnormality that would make him likely to commit sexually violent acts in the future. (N.T. SVP at 60-61). This Court ultimately found that the statutory criteria had been met and Markelwitz should be classified as an SVP.

## DISCUSSION

Although presented separately by Markelwitz as different issues on appeal, his first two claims essentially raise the same two issues in two different ways: 1) this Court failed to inquire into Appellant's ability to pay his fines pursuant to 42 Pa.C.S. §9726(b)-(d); 2) the illegality of this Court's order of restitution to a third party instead of the victim. We will address all arguments relating to the fines and all issues relating to the restitution together.

With respect to the fines imposed in this case, Markelwitz claims that his sentence is illegal because this Court failed to inquire into his ability to pay. We disagree.

7

A court is statutorily authorized to impose a fine as part of a criminal sentence which also involves partial or total confinement or probation. 42 Pa.C.S. § 9726(b). The defendant's ability to pay the fine must appear of record; however, imposition of a fine is not precluded merely because the defendant cannot pay the fine immediately or because he cannot do so without difficulty. 42 Pa.C.S. §9726(c)(1); *Commonwealth v. Thomas*, 879 A.2d 246, 264 (2005) *citing Commonwealth v. Church*, 513 Pa. 534, 540, 522 A.2d 30, 33 (1987). This Court submits the record reveals that proper consideration was given to Markelwitz's ability to pay the $600 fine at the time of sentencing.

The record shows that Markelwitz was previously in the military and was gainfully employed at the time of his arrest. These facts are indicative of skills and training which may be used to perform a job while incarcerated to earn money for the payment of his fines. He will be incarcerated for such a lengthy period of time, it is not unreasonable to conclude that he will have ample time to pay the fines. Additionally, the issue of Appellant's financial circumstances was raised by his counsel at the sentencing hearing and, therefore, considered. (N.T. Sentencing at 31). This Court was also informed by the written guilty plea colloquy that Markelwitz was facing a maximum aggregate fine $190,000. This Court clearly acknowledged the issue on the record and specifically stated "...I'll keep the fines relatively low. It's not here to impose a financial penalty, it's really the incarceration that is key...." (N.T. Sentencing at 34). The record makes clear that this Court properly complied with 42 Pa.C.S. § 9726 by considering Markelwitz's ability to pay a very small fine. With respect to the fine imposed in this matter, this

8

Court finds that the sentence is not illegal and Appellant's Post-Sentence Motion was properly denied.

Regarding the restitution ordered in this case, Markelwitz argues that this Court erred in denying his Post-Sentence Motion and that his sentence is illegal because the restitution was "illegally awarded to a third-party instead of the victim." We find that Appellant's claims are again without merit.

Restitution was ordered in the amount of $757.04 payable to the Crime Victims Compensation Board. (N.T. Sentencing at 26; 45). The Crime Victims Compensation Fund is defined in the Fiscal Code as:

> "Crime Victim's Compensation Fund" shall mean the special nonlapsing fund created by the act of November 24, 1998 (P.L. 882, No. 111),[1][20] known as the "Crime Victims Act (CVA)." 72 Pa.C.S.A. § 1301.1.

The CVA's definition of "Victim" includes: A parent or legal guardian of a child who is a direct victim, except when the parent or legal guardian of the child is the alleged offender. 18 P.S. § 11.103. Additionally, "Out-of-Pocket losses" are, by definition, reimbursable under the CVA include "other reasonable expenses which are deemed necessary as a direct result of the criminal incident." 18 P.S. § 11.103.

The Crimes Code at 18 Pa.C.S. § 1106(a), which governs the imposition of mandatory restitution at sentencing provides:

> **(a) General rule.**--Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the

---

[20] *Footnote in original omitted.*

9

offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

The statute defines victim as:

> **"Victim."** As defined in section 479.1 of the act of April 9, 1929 (P.L. 177, No. 175), known as The Administrative Code of 1929.[1][21] The term includes the Crime Victim's Compensation Fund if compensation has been paid by the Crime Victim's Compensation Fund to the victim and any insurance company that has compensated the victim for loss under an insurance contract. 18 Pa.C.S. § 1106(h).

As noted by the Superior Court in **Commonwealth v. Lebarre**,[22] section 479.1 of the Administrative Code was repealed and the repealed provision "indicates generally that its subject matter, 'which related to rights of and services for crime victims,' is now located in the Crime Victims Act, 18 P.S. § 11.101 *et seq.* (71 P.S. § 180-9.1) In **Lebarre**, the Superior Court concluded that "the definition of 'victim' in the Crime Victims Act applies to Section 1106 restitution through a general cross-reference to..." the repealed section 479.1 which is now located in the Crime Victims Act at §11.103. The Pennsylvania Supreme Court acknowledged the Superior Court's conclusion on this issue in **Commonwealth v. Hall**, 622 Pa. 396, n. 5 (2013).

Turning to the instant matter, the record is clear that the restitution order was entered to reimburse the Pennsylvania Crime Victims Fund. (N.T. Sentencing at 22; 45). Markelwitz argues on appeal that the restitution was improperly ordered to be paid to a third party; however, he does not specify whether his assertion of error is based on the Fund being the recipient of the reimbursement or the fact that the money the Fund had disbursed was to a victim's mother for missing work in connection with her minor daughter's needs relating to this case. If he is arguing that the Fund is the improper

---

[21] *Footnote in original:* 71 P.S. § 180-9.1.
[22] 961 A.2d 176, 179, n. 9 (Pa. Super. 2008).

third-party recipient, his position is erroneous. The definition of "victim" under 18 Pa.C.S. §1106(h) explicitly includes the Crime Victim's Compensation Fund ("Fund"). Additionally, the application of the CVA to the Crimes Code provision in 18 Pa.C.S. § 1106 was found to be appropriate by the Superior Court in *Lebarre* and subsequently recognized by the Supreme Court in *Hall*. Nonetheless, even if Markelwitz is contending that the third party who is the subject of the restitution order is the victim's mother, a reasonable reading of the CVA provisions, as set forth above, clearly supports this Court's actions with respect to the restitution order in this matter. The CVA language explicitly states that a "victim" includes the parent or legal guardian of a "direct victim" and the wage losses incurred by the victim's mother would qualify as "out-of-pocket expenses which are deemed necessary as a direct result of the criminal incident." 18 P.S. § 11.103. Therefore, Appellant's arguments regarding the restitution ordered in this case fail in all respects.

Finally, Markelwitz challenges this Court's finding that he is a sexually violent predator (SVP) who should be subjected to the appropriate registration requirements under the Sex Offender Registration and Notification Act (SORNA).[23] He contends that the finding is against the weight of the evidence presented at the hearing. Again we disagree.

A challenge to a determination of SVP status requires a reviewing court to view the evidence:

> "in the light most favorable to the Commonwealth. The reviewing court may not weigh the evidence or substitute its

---

[23] Formerly known as Megan's Law (42 Pa.C.S.§§9791-9799.9), SORNA was enacted as part of the Adam Walsh Child Protection and Safety Act of 2006. *See* 42 Pa.C.S. §§9799.10, *et seq.*

> judgment for that of the trial court. The clear and convincing standard requires evidence that is so clear, direct, weighty and convincing as to enable [the trier of fact] to come to a clear conviction, without hesitancy, of the truth of the precise facts [at] issue. *Commonwealth v. Plucinski*, 868 A.2d 20, 25 (Pa.Super. 2005) (internal citations and quotation marks omitted). The scope of review is plenary. *Commonwealth v. Brooks*, 7 A.3d 852 (Pa.Super. 2010), appeal denied, 610 Pa. 614, 21 A.3d 1189 (2011). '[A]n expert's opinion, which is rendered to a reasonable degree of professional certainty, is **itself** evidence.'" *Commonwealth v. Fuentes*, 991 A.2d 935, 944 (Pa. Super. 2010) (en banc), *appeal denied*, 608 Pa. 645, 12 A.3d 370 (2010) (emphasis in original).

Commonwealth v. Prendes, 2014 PA Super 151, 97 A.3d 337, 355-56 (2014).

The process of determining SVP status is statutorily-mandated and well-defined. The triggering event is a conviction for one or more offenses specified in 42 Pa.C.S.A. § 9799.14, which, in turn, prompts the trial court to order an SVP assessment by the Sexual Offenders Assessment Board (SOAB). Then, "a member of the board as designated by the administrative officer of the board shall conduct an assessment of the individual to determine if the individual should be classified as a sexually violent predator. The board shall establish standards for evaluations and for evaluators conducting the assessments." 42 Pa.C.S. § 9799.24(b). An assessment shall include, but not be limited to, an examination of the following:

(1) Facts of the current offense, including:

(i) Whether the offense involved multiple victims.

(ii) Whether the individual exceeded the means necessary to achieve the offense.

(iii) The nature of the sexual contact with the victim.

(iv) Relationship of the individual to the victim.

(v) Age of the victim.

12

(vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

(vii) The mental capacity of the victim.

(2) Prior offense history, including:

(i) The individual's prior criminal record.

(ii) Whether the individual completed any prior sentences.

(iii) Whether the individual participated in available programs for sexual offenders.

(3) Characteristics of the individual, including:

(i) Age.

(ii) Use of illegal drugs.

(iii) Any mental illness, mental disability or mental abnormality.

(iv) Behavioral characteristics that contribute to the individual's conduct.

(4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.  (42 Pa.C.S.A. § 9799.24(b)(1) – (4)) .

In Commonwealth v. Prendes, the Superior Court has recently restated the necessary findings when deciding to deem an individual a sexually violent predator:

> "...the Commonwealth must first show [the individual] 'has been convicted of a sexually violent offense as set forth in [section 9799.14]....' " *Commonwealth v. Askew,* 907 A.2d 624, 629 (Pa.Super. 2006), *appeal denied,* 591 Pa. 709, 919 A.2d 954 (2007). *See also* 42 Pa.C.S.A. § 9799.12. "Secondly, the Commonwealth must show that the individual has 'a mental abnormality or personality disorder that makes [him] likely to engage in predatory sexually violent offenses.' " *Askew, supra.* When the Commonwealth meets this burden, the trial court then makes the final determination on the defendant's status as an SVP. [*Commonwealth v. Kopicz,* 840 A.2d 342, 351 (Pa.Super. 2003).] .

Commonwealth v. Prendes, 97 A.3d 337, 357-58 (2014).

With respect to the first finding, it is undisputed that Appellant pled guilty to more than one criminal offense that come under the definition of a sexually violent offense

13

which triggers an SVP inquiry under SORNA pursuant to 42 Pa.C.S. §§ 9799.12-9799.14. In addition, as represented by the parties on the record, Appellant's predatory behavior is not in dispute. (N.T. SVP at 20-21; 61). Therefore, the ultimate issue for determination at the SVP hearing was whether the Commonwealth established by clear and convincing evidence the existence of a mental abnormality or personality disorder. (N.T., SVP at 61).

As previously discussed, Dr. Stein, and Dr. Timothy Foley reviewed the same documents, reports and Appellant's criminal history as part of their respective evaluations and Dr. Foley also reviewed Dr. Stein's report. Notably, Appellant was afforded the opportunity to participate in Dr. Stein's assessment, but he declined.

Upon consideration of all evidence presented, this Court found that the Commonwealth met its burden that Appellant should be classified as a Sexually Violent Predator. Review of the record indicates that for the reasons set forth below, this Court's finding is amply supported by the weight of the evidence and, as such, Appellant's claim is without merit.

SORNA defines mental abnormality as:

> **"Mental abnormality."** A congenital or acquired condition of a person that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons. 42 Pa.C.S.A. § 9799.12.

Dr. Stein described Appellant's behavior as a sexually victimizing relationship which started when one of the victims was twelve (12) years old. The victimization consisted

14

of multiple acts over the course of approximately two years and included penetrative acts. Once again, we note that predatory behavior was conceded in this case.

With respect to the Section 9799.24 factors, Dr. Stein determined that more than one victim was involved and, although Appellant did not exceed the means necessary to commit the conduct, psychological force was utilized to control the relationship and there was an incident involving handcuffs and physical force. The factors he found relevant to his conclusion that Appellant's behavior is consistent with deviant sexual interest were the nature of the penetrative sexual conduct as well as the young age of the victim when the conduct began. Also relevant to Dr. Stein's opinion was the lengthy nature of the relationship as perpetuated by Appellant. According to Dr. Stein, these factors coupled with the non-consenting nature of the relationship with a non-mature female meet the criteria of the mental abnormality diagnosis for Other Specified Paraphilia: Nonconsent.

Dr. Stein described Markelwitz's military discharge due to violent behavior coupled with the other illegal sexual relationship with a minor as being indicative of an anti-social "rule-breaking" pattern of behavior. Dr. Stein emphasized that Appellant was clearly an adult at the age of 23 when these events took place which is entirely consistent with sexual deviance. Dr. Stein unequivocally opined that all of these factors led him to conclude Appellant is a high risk of re-offense.

Upon review of all the evidence, this Court finds that he carefully considered each of the statutory factors and weighed the relevance of each to conclude that Markelwitz suffers from a mental abnormality that puts him at a greater risk to reoffend.

15

Despite Dr. Foley's position that the materials reviewed did not provide sufficient evidence to support Dr. Stein's diagnosis and finding of mental abnormality, when the evidence is reviewed as whole, there is ample support for Dr. Stein's opinion. Upon close review of the record, this Court finds that Dr. Stein thoroughly evaluated Appellant's case and presented an abundance of clear and convincing evidence to support his opinion that the SVP classification is appropriate in this case.

In conclusion, this Court finds that the issues raised by Appellant on review are without merit.

_____
RICHARD A. LEWIS, PRES. JUDGE

MEMORANDUM DATE: Aug-13, 2015

DISTRIBUTION: 8-13-15 @ 114m
Dauphin Co. District Attorney's Office /6
Ryan H. Lysaght, Esq., Asst. Public Defender, Dauphin Co./ 0
Clerk of Courts KC
Superior Court Prothonotary mai /
FILE - Judge Lewis /0

16