J-S12012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOUGLAS SAMUELS | : | |
| | : | |
| Appellant | : | No. 1422 MDA 2018 |

Appeal from the Judgment of Sentence Entered July 16, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0005730-2016

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 17, 2019**

Douglas Samuels appeals from the judgment of sentence of life without the possibility of parole following his conviction for first-degree murder.  We affirm his conviction, but remand for resentencing after a determination of Appellant's ability to pay a fine.

Appellant and Freddie Stewart ("victim") grew up together and had a volatile history.  In the past, Appellant had called the police approximately twelve times on the victim because the victim was either harassing or physically assaulting him.  On the morning of August 27, 2016, Appellant and the victim got into an argument about money.  The victim threatened to beat Appellant if he did not return the money by 5:00 p.m. that evening.

Appellant went to his car to get his firearm to kill the victim, but found that he was out of ammunition.  As a result, Appellant took public transportation to a nearby Wal-Mart to purchase ammunition.  Upon his

return, Appellant fired several test shots, before going to locate the victim. He found the victim sitting outside of his residence. In response to Appellant's appearance with a gun, the victim fled. Appellant fired a shot over the back of the victim's head "to keep him running." N.T. Jury Trial, 6/27/18, at 299.

Appellant did not pursue the victim. Instead, he walked eleven blocks to his sister's house for lunch and hid his weapon in the bushes to prevent anyone from locating it. After lunch, Appellant retrieved his weapon and walked back to the victim's house. He found the victim asleep in his vehicle. Appellant woke the victim up, so that the victim would know it was him, before firing one shot into the victim's face and killing him. Multiple witnesses heard a gunshot and saw Appellant with a gun pointed at the victim. Appellant remained on scene, where he made several unprompted statements to bystanders and officers responding to the scene, admitting responsibility for the killing. Appellant also gave a taped confession to the arresting officers.

Appellant was charged with criminal homicide. Appellant proceeded to a jury trial and was found guilty of first-degree murder. On July 16, 2018, Appellant was sentenced to life imprisonment without the possibility of parole and a $10,000 fine was imposed. Appellant filed a post-sentence motion challenging his sentence and the weight of the evidence. The motion was denied and Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

I.     Did not the lower court abuse its discretion by failing to grant [Appellant] a new trial on the basis that the guilty verdict was against the weight of the evidence when the totality of the evidence as to the issues of killing in the heat of passion and imperfect self-defense was unreliable, contradictory, and incredible?

II.    Did not the court impose an illegal sentence when it imposed a fine of $10,000 on a person serving a life-without-parole sentence without any consideration of [Appellant's] ability to pay such a fine?

Appellant's brief at 5.

First, Appellant seeks a new trial on the ground that the verdict was against the weight of the evidence, *i.e.*, that the greater weight of the evidence supported a verdict for the lesser offense of voluntary manslaughter, not first-degree murder. Appellant's brief at 21. Appellant argued that, since he proved that he was either operating under the heat of passion or an unreasonable belief that the killing was justified, his conviction should have been mitigated accordingly. *Id*.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Therefore, "we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003). As our Supreme Court has explained:

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an

- 3 -

appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (citations omitted).

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. We have explained that:

The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not excised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Id*.

Appellant argues that the jury failed to properly weigh his trial testimony that he had sustained "numerous beatings at the hands of the [victim] for a [two and one-half] year period," that the victim had threatened to kill him the morning of the crime, that Appellant was aware of the victim's violent prior record, that he believed the victim had a gun in his vehicle, and that he did not approach the victim intending to shoot him whether or not the victim had a gun. Appellant's brief at 19-21. Thus, he contends that the trial court erred in denying his post-trial motions in that respect. We disagree.

Appellant's testimony did not persuade the trial court that his conviction was against the weight of the evidence. In its opinion, the trial court engaged in a thorough analysis of the allegation that the weight of the evidence supported Appellant's imperfect self-defense and heat of passion justification defenses. Specifically, it found that the evidence established that Appellant, by his own admission, undertook actions over the course of many hours that belied his argument that there was insufficient time for him to "cool off" before he shot and killed the victim. Trial Court Opinion, 11/5/18, at 16-21. It also found that the evidence negated Appellant's imperfect self-defense justification, since Appellant's own testimony also proved that he was in no immediate danger. *Id*. at 17-21. The trial court found most compelling the fact that Appellant admitted that "a sleeping man would present no immediate danger of death or serious bodily injury." N.T., 6/27/18, at 306. Ultimately, in denying Appellant's claim, the trial court concluded that

> the weight of the evidence supports the jury's findings. As cited above, the evidence overwhelmingly demonstrates that Appellant, acted with the specific intent to kill [the victim], without legal justification. In this case, there is direct and circumstantial evidence of Appellant's specific intent to kill [the victim]. The jury heard direct evidence of Appellant's specific intent to kill [the victim] in his own words on the audio recording of his voluntary statement with the police one hour after the murder wherein he stated that it was his intent to kill [the victim] at the time he did. The jury was also presented with circumstantial evidence of Appellant's specific intent to kill by evidence of his use of a deadly weapon on a vital part of [the victim's] body. Appellant shot [the victim] in the face with a shotgun at relative close range. Accordingly, this [c]ourt did not err in denying Appellant's post-sentence motion for a new trial or arrest of judgment based on a

challenge to the weight of the evidence supporting a first-degree murder verdict.

Trial Court Opinion, 11/5/18, at 20.

Our review of the record reveals no indication of bias or ill-will on the part of the trial court in its analysis. As the trial court aptly stated, Appellant's own actions and statements undercut his assertion that the heat of passion or imperfect self-defense justifications apply. *Id*. at 16-21. Thus, we find that the trial court did not abuse its discretion by denying relief on Appellant's challenge to the weight of the evidence supporting his conviction for first-degree murder. Appellant is entitled to no relief on this claim.

Next, Appellant alleges that the trial court imposed a $10,000 fine without first determining his ability to pay. Appellant's brief at 22-23. The trial court and Commonwealth concede that no such finding was made, and request that we remand so that the fine can be downwardly modified. Commonwealth's brief at 6, Trial Court Opinion, 11/5/18, at 20.

The trial court may impose a fine in addition to a defendant's other sentence when "the court is of the opinion that a fine is specially adapted to deterrence of the crime involved or to the correction of the defendant." 42 Pa.C.S. § 9726(b)(2). However, "[t]he court shall not sentence a defendant to pay a fine unless it appears of record that . . . the defendant is or will be able to pay the fine." 42 Pa.C.S. § 9726(c)(1); **Commonwealth v. Thomas**, 879 A.2d 246, 264 (Pa.Super. 2005). Imposition of a fine is not precluded merely because the defendant cannot pay the fine immediately or because he

cannot do so without difficulty. ***Commonwealth v. Church***, 522 A.2d 30, 33 (Pa. 1987).

Here, all of the parties agree that the trial court did not make specific findings of Appellant's ability to pay the fine imposed. Our review of the sentencing hearing transcript reveals that the only mention of Appellant's ability to pay a fine was made by the Assistant District Attorney, when he noted that Appellant was "[o]bviously . . . going to have [a] very limited ability to pay any type of fine." N.T. Sentencing, 7/16/18, at 4. Thus, consistent with § 9726(c)(1) and ***Thomas***, ***supra***, we remand the case to the trial court for resentencing after a determination of Appellant's ability to pay a fine.

We affirm the murder conviction, vacate the judgment of sentence in part, and remand for resentencing consistent with this opinion.

Judgment of sentence affirmed in part and vacated in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/17/2019