J-A03027-22

2022 PA Super 73

COMMONWEALTH OF PENNSYLVANIA　　:　　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　:　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　:
　　　　　　v.　　　　　　　　　:
　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　:
ANVAR ISHANKULOV　　　　　　　:
　　　　　　　　　　　　　　　　:
　　　　　Appellant　　　　　　:　　No. 830 EDA 2021

Appeal from the Judgment of Sentence Entered March 17, 2021
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-SA-0000318-2020

BEFORE: STABILE, J., DUBOW, J., and McCAFFERY, J.

OPINION BY DUBOW, J.: **FILED APRIL 20, 2022**

Appellant, Anvar Ishankulov, appeals from the March 17, 2021 Judgment of Sentence of a fine of $10,200 plus additional court costs imposed following his conviction for violating the Restrictions of Use of Highways and Bridges statute, 75 Pa.C.S. § 4902. Appellant raises challenges to the sufficiency of the evidence as well as the imposition of the fine and argues that the fine was excessive and unconstitutional. Upon review, we affirm.

The relevant procedural and factual history, as gleaned from the trial court's Pa.R.A.P. 1925(a) Opinion, is as follows. In 2016, the County Line Road Bridge ("the Bridge") in Horsham was experiencing some structural damage, which prompted the Commonwealth of Pennsylvania to conduct an engineering study of the Bridge. The engineering study rated the Bridge as capable of withstanding ten tons, or approximately 20,000 pounds, and consequently the Commonwealth of Pennsylvania lowered the Bridge weight

limit to that amount. Signs indicating the weight limit of the Bridge were posted both westbound and eastbound in intervals two miles ahead, one mile ahead, 1000 feet ahead, and within 25 feet of the end of the bridge. On February 24, 2020, Appellant drove a 56,300-pound tractor-trailer over the County Line Road bridge heading west. After Appellant crossed the Bridge, Police Officer Barrington Ramsay from the Horsham Township Police Department stopped Appellant's tractor-trailer and directed him to a weighing station. Upon learning that Appellant's tractor-trailer weighed 56,300 pounds, over twice the legal weight limit for the bridge, Officer Ramsay issued a citation for overweight vehicle.

On March 17, 2021, after the magisterial district judge found Appellant guilty and Appellant filed a timely summary appeal, the trial court held a non-jury trial *de novo*. The trial court heard testimony from Officer Ramsay, who is a twenty-three-year veteran of the Horsham Township Police Department and a state certified weight master.[1] The Commonwealth also submitted numerous exhibits without objection, including an engineering report that deemed the Bridge weight restriction to be necessary because the Bridge was deteriorating. Appellant testified on his own behalf.

Officer Ramsay testified in accordance with the above-stated facts. Additionally, Officer Ramsay explained that there was a warning sign at the

---

[1] Officer Ramsay explained that being a state certified weight master "basically means that I can stop commercial motor vehicles or any vehicle in the Commonwealth and check their weight if I suspect that these vehicles might be overweight." N.T. Trial, 3/17/20, at 4.

intersection of Park Road and County Line Road, visible from Park Road if you looked left. Appellant testified, in relevant part, that he was traveling on Park Road when he turned left onto County Line Road and was unable to turn his 53-foot vehicle around, so he proceeded to cross the bridge.

On the same day, the court found Appellant guilty of violating Section 4902(a) pertaining to Restrictions of Use of Highways and Bridges and imposed a sentence of $10,200 in fines plus additional court costs.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. The evidence was insufficient, as a matter of law, to find [Appellant] guilty, in a non-jury trial, of violating 75 Pa.C.S. § 4902(a) where the Commonwealth of Pennsylvania failed to prove, beyond a reasonable doubt, that advance information signs were erected pursuant to 75 Pa.C.S.[] § 4902(e) at the intersection nearest [the] end of the [B]ridge in the direction [Appellant] was traveling.

2. The trial court erred in not imposing a fine pursuant to 75 Pa.C.S.[] § 4902(g)(2) for a violation under 75 Pa.C.S. § 4902(b) of up to $500.

3. The trial [c]ourt erred in imposing a fine of [] $10,200 [] pursuant to 75 Pa.C.S.[] § 4902(g)(1) for a violation of 75 Pa.C.S.[] § 4902(a), as there was no proof as to the basis for the imposition of said fine. The fine was both incorrect and excessive.

4. The evidence was insufficient, as a matter of law, to find [Appellant] guilty, in a non-jury trial, of violating 75 Pa.C.S.[] § 4902(a) where the Commonwealth of Pennsylvania failed to prove, beyond a reasonable doubt, that restriction signs [were] erected pursuant to 75 Pa.C.S.[] § 4902(e) designating the restrictions within 25 feet of each end of [the B]ridge of a

- 3 -

portion of highway restricted in the direction Appellant was traveling.

Appellant's Br. at 4 (reordered for ease of disposition).[2]

Our standard of review from an appeal of a summary conviction heard *de novo* by the trial court is limited to a determination of whether the trial court committed an error of law and whether competent evidence supports the findings of fact. ***Commonwealth v. Marizzaldi***, 814 A.2d 249, 251 (Pa. Super. 2002). "The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Parks***, 768 A.2d 1168, 1171 (Pa. Super. 2001). "An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will." ***Id.*** (citation omitted).

Appellant first challenges the sufficiency of the evidence supporting his conviction. "When considering a challenge to the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to establish every element of the offense beyond a reasonable doubt." ***Commonwealth v. Reaser***, 851 A.2d 144, 147 (Pa. Super. 2004) (citation omitted). "In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-

---

[2] In his Brief, Appellant has failed to include a section of Argument corresponding to Question 4 as required by Pa.R.A.P. 2119(a). We, thus, conclude that he has abandoned this issue and we decline to review it.

finder." ***Commonwealth v. Melvin***, 103 A.3d 1, 39–40 (Pa. Super. 2014) (citation omitted). Additionally, the Commonwealth need not establish facts and circumstances that preclude every possibility of innocence. ***Commonwealth v. Estepp***, 17 A.3d 939, 943 (Pa. Super. 2011). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." ***Id.*** (citation omitted). Notably, the Commonwealth may sustain its burden by presenting wholly circumstantial evidence. ***Melvin***, 103 A.3d at 40. "Moreover, in applying the above test, the entire record must be evaluated[,] and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." ***Id.*** (citation omitted).

In his first issue, Appellant avers that the Commonwealth failed to demonstrate that the placing of the road signs complied with Section 4902(e). Appellant's Br. at 11. Specifically, Appellant argues that there was no testimony that the Commonwealth placed an "advance informational sign at the intersection nearest each end of the restricted bridge" as required by Section 4902(e). ***Id.*** at 14 (citing 75 Pa.C.S. § 4902(e), emphasis omitted). Appellant's argument fails.

Section 4902(a)(1) allows the Commonwealth to impose weight restrictions on vehicles utilizing highways or bridges after conducting an appropriate engineering and traffic study, and provides:

The Commonwealth and local authorities with respect to highways and bridges under their jurisdictions may prohibit the operation of vehicles and may impose restrictions as to the weight or size of vehicles operated upon a highway or bridge only when they determine by conducting an engineering and traffic study as provided for in the department regulations that the highway or bridge may be damaged or destroyed unless use by vehicles is prohibited or the permissible size or weight of vehicles is reduced.

75 Pa.C.S. § 4902(a)(1).

Relevant to this appeal, Section 4902(e) requires the Commonwealth to erect "restriction signs" designating the restrictions within 25 feet of each end of the restricted bridge. *Id.* at § 4902(e). When the restriction does not begin at an intersection, Section 4902(e) also requires the Commonwealth to place additional "advance informational signs" at the closest intersection to the bridge to allow drivers to avoid the restricted bridge. *Id.* Finally, Section 4902(e) provides that no person can be convicted of violating subsection (a) unless the **restriction sign** is posted as required at the ends of the bridge, but clearly states that "failure to post any **advance informational sign** shall not constitute a defense to a violation of this section." *Id.* (emphasis added).[3]

_____

[3] 75 Pa.C.S. § 4902(e) provides verbatim:

**(e) Erection of signs.--**The Commonwealth and local authorities shall erect or cause to be erected and maintained restriction signs designating the restrictions within 25 feet of each end of a bridge or portion of highway
*(Footnote Continued Next Page)*

Here, Appellant argues that he turned from Park Road left onto County Line Road and did not observe any advance informational signs and, therefore, the Commonwealth did not meet their burden.

The statute clearly rejects Appellant's argument as stated. As the trial court opined: "[Section] 4902(e) makes clear that the failure to post any advance information sign does not permit a driver to nonetheless drive an overweight vehicle over a bridge." Trial Ct. Op., dated 4/28/21, at 4 (unpaginated). We agree.

As stated above, Section 4902(e) clearly provides that "failure to post any **advance informational sign** shall not constitute a defense to a violation of this section." 75 Pa.C.S. § 4902(e). As the statute bars the absence of an advance informational sign as a defense, even if the Commonwealth failed to present any evidence that there was an advance informational sign, or if Appellant had presented affirmative evidence that there was no advance

---

restricted as provided in subsection (a) or (b). In the case of a restriction on a bridge or on a highway which does not begin or end at an intersection with an unrestricted highway, the Commonwealth or local authorities shall also place an advance informational sign at the intersection nearest each end of the restricted bridge or portion of highway which would allow drivers to avoid the restricted bridge or portion of highway. No person shall be convicted of violating subsection (a) or (b) unless the restriction sign designating the restricted bridge or portion of highway to traffic moving in the direction the person was driving was posted as required in this subsection. However, failure to post the restriction sign designating the restricted bridge or portion of highway to traffic moving in the opposite direction or failure to post any advance informational sign shall not constitute a defense to a violation of this section.

informational sign, Appellant would not be entitled to relief on this claim of error.

Moreover, even if the statute did not bar relief, our review of the record belies Appellant's claim that there were no advance informational signs. The trial court credited Officer Ramsay's testimony that advance informational signs were posted both westbound and eastbound in intervals two miles ahead, one mile ahead, 1000 feet ahead, and were posted visibly at the intersection of Park Road and County Line Road. The court also credited Officer Ramsay's testimony that restriction signs were posted within 25 feet of the Bridge. Accordingly, Appellant's claim that the Commonwealth did not present sufficient evidence to demonstrate that the Commonwealth placed advanced informational sign at the intersection nearest each end of the restricted bridge fails.

In his second issue, Appellant avers that the trial court erred in imposing a fine under Section 4902(g)(1), which applies to violations of weight restrictions based on the **condition of a bridge** pursuant to Section 4902(a), instead of imposing a fine under Section 4902(g)(2), which applies when the weight restriction is based on **traffic conditions** pursuant to Section 4902(b). Appellant's Br. at 15 (citing 75 Pa.C.S. § 4902(a)-(b), (g)). Appellant argues that the Commonwealth failed to demonstrate a reason for the Bridge's weight restriction and, therefore, the trial court should have imposed a lesser fine of $500 under subsection (g)(2). *Id.* at 14-15.

Once again, our review of the record belies Appellant's claim. The Commonwealth did, in fact, present testimony from Officer Ramsay that the Commonwealth imposed weight restrictions on the Bridge due to the Bridge's deteriorating condition. N.T. Trial, 3/17/20, at 5-6. The Commonwealth also entered into evidence, without objection, an engineering study that explained "[t]his bridge restriction is necessary based on recent inspection findings and increased deterioration of the stone masonry arch barrel and wingwalls." Exhibit C-1. Our review of the record indicates that the Commonwealth presented sufficient evidence to demonstrate that the Bridge's weight limit was based on the condition of the Bridge, and, therefore, the trial court did not err when it convicted Appellant of violation Section 4902(a) and imposed of a fine under Section 4902(g)(1).[4]

In his final issue, Appellant argues that the trial court's statutorily-mandated fine was excessive and argues, for the first time on appeal, that the fine was contrary to both the United States and Pennsylvania constitutions. Appellant's Br. at 17. Specifically, Appellant argues that the imposed fine violates the constitutional prohibition against excessive fines in Article I, Section 13 of the Pennsylvania Constitution and in the Eighth Amendment to the United States Constitution. *Id.* at 18.

---

[4] Moreover, Appellant fails to explain how the trial court could impose a fine under Section 4902(g)(2), which applies when the weight restriction is based on **traffic conditions** pursuant to Section 4902(b), when the Commonwealth failed to charge Appellant with a violation of Section 4902(b).

As an initial matter, we must address whether Appellant has preserved this issue for our review. The Commonwealth argues that this issue is waived because Appellant failed to raise the issue before the trial court or in his Rule 1925(b) and is raising it for the first time on appeal. Commonwealth Br. at 13-14 (citing Pa.R.A.P. 302(a), 1925(b)). Both assertions are true and would generally result in waiver of an issue.

However, our Supreme Court has held that a challenge to a statute's mandatory fine on grounds that it is unconstitutionally excessive implicates the legality of the sentence. **Commonwealth v. Eisenberg**, 98 A.3d 1268, 1277 (Pa. 2014). A legality of sentence challenge is "not subject to the traditional waiver doctrine" and can be raised for the first time on appeal, regardless of whether it was included in a Rule 1925(b) Statement. **Commonwealth v. Hodges**, 193 A.3d 428, 432 (Pa. Super. 2018) (citation omitted). Accordingly, we decline to find this issue waived and will proceed to address its merits.

"Whether a fine is excessive under our Constitution is a question of law, therefore our standard of review is *de novo* and our scope of review is plenary." **Eisenberg**, 98 A.3d at 1279. "The Pennsylvania Supreme Court has consistently held that enactments of the General Assembly enjoy a strong presumption of constitutionality. All doubts are to be resolved in favor of sustaining the constitutionality of the legislation." **Commonwealth v. Barnett**, 50 A.3d 176, 196 (Pa. Super. 2012) (citations omitted). "In order for an act to be declared unconstitutional, the challenging party must prove

the act clearly, palpably[,] and plainly violates the constitution." *Id.* at 197 (citation and internal quotation marks omitted).

Moreover, "Pennsylvania courts have repeatedly and unanimously held that the Pennsylvania prohibition against cruel and unusual punishment is coextensive with the Eighth and Fourteenth Amendments to the United States Constitution, and that the Pennsylvania Constitution affords no broader protection against excessive sentences than that provided by the Eighth Amendment to the United States Constitution." *Commonwealth v. Elia*, 83 A.3d 254, 267 (Pa. Super. 2013) (citation and internal quotation marks omitted). Accordingly, we only need to review Appellant's claim under the Eighth Amendment. *Barnett*, 50 A.3d at 197.

The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const., Amend. VIII. "The Cruel and Unusual Punishment clause prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed." *Elia*, 83 A.3d at 268 (Pa. Super. 2013) (citation and internal quotation marks omitted). However, "[t]he Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences which are grossly disproportionate to the crime." *Commonwealth v. Baker*, 78 A.3d 1044, 1047 (Pa. 2013) (citation omitted).

In order to determine if a sentence violates the Eighth Amendment, this Court should apply a three-pronged test, including:

- 11 -

(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.

*Id.* (citation omitted). Importantly, we are not obligated to reach the second and third prongs of the test "unless a threshold comparison of the crime committed and the sentence imposed leads to an interference of gross disproportionality." *Commonwealth v. Succi*, 173 A.3d 269, 285 (Pa. Super. 2017) (citation omitted).

Our Supreme Court has explained that "[t]he primary purpose of a fine or a penalty is twofold: to punish violators and to deter future or continued violations." *Eisenberg*, 98 A.3d at 1283 (citation omitted). Moreover, "[s]ince it serves not only as a punishment but also as a deterrent, the amount of the fine can be raised to whatever sum is necessary to discourage future or continued violations, subject, of course, to any restriction imposed on the amount of the fine by the enabling statute or the Constitution." *Id.* (citation omitted).

As discussed above, Section 4902(g)(1) establishes the mandatory fines for a violation of Section 4902(a) and provides, in relevant part: "any person convicted of operating a vehicle with a gross weight in excess of a posted weight shall, upon conviction, be sentenced to pay a fine of $150 plus $150 for each 500 pounds, or part thereof, in excess of 3,000 pounds over the maximum allowable weight." 75 Pa.C.S. § 4902(g)(1).

Our review of the record reveals that Appellant's truck weighed approximately 56,300 pounds and the Bridge's maximum posted weight was

approximately 20,000 pounds, a difference of 36,300 pounds. The statute imposes a fine of $150 plus $150 for every 500 pounds that exceeds the 3000-pound allotment. Accordingly, the trial court imposed a fine on 33,300 pounds (36,300 minus 3000-pound allotment) for a total fine of $10,200.

Appellant argues that the $10,200 imposed fine, although statutorily mandated, "bears no relationship to the offense charged" and is "grossly excessive and unduly punitive." Appellant's Br. at 21. Our Supreme Court has repeatedly rejected Appellant's argument.

In **Commonwealth v. Smith**, 187 A.2d 267 (Pa. 1963), the Pennsylvania Supreme Court rejected the same challenge to a prior version of the overweight provisions of the Motor Vehicle Code and explained:

> The purpose of the overweight provision of The Vehicle Code is to protect the highways of the Commonwealth from damage and to insure the safety of those traveling upon the highways. The fine provision, of course, is designed to deter potential violators. It was quite evident to the 1955 session of the legislature that the $50 fine *for each violation,* imposed by the previous act, was not serving this function since the profits accruing from the excess loads more than compensated for the penalty inflicted. That legislature, therefore, decided to increase the amount of the fines and to graduate them according to the amount of the overweight, instead of imposing a flat rate for each violation. Such a decision was not irrational or unreasonable, but on the contrary was quite sensible, and hence there is no merit to appellant's contention.

*Id.* at 270 (internal citations omitted, emphasis in original). More recently, in **Commonwealth v. Church**, 522 A.2d 30 (Pa. 1987), our Supreme Court held that a statutorily mandated fine of $13,517.50 pursuant to Section 4902(g)(1) was not excessive under the Eighth Amendment and remanded to the trial

- 13 -

court for resentencing and imposition of the statutorily mandated fine. *Id.* at 34, 36. The *Church* Court emphasized that the increase in fines since *Smith* was decided was of no moment:

> That the amount of the overweight fines, and each increment thereof, has risen since *Smith* was decided, does not, in our view, affect the analysis or alter the result in *Smith* unless it could somehow be shown that the amount of the fines was so great as itself to be confiscatory and beyond the bounds of all reason and justice. No such showing has been made here. Moreover, the amount of a fine need not be limited to the cost incurred by the Commonwealth for each violation.

*Church*, 522 A.2d at 34. Simply put, the *Church* Court held "[t]here is no legitimate argument here to the effect that the rising scale of penalties for the type of overweight violation at issue is excessive under the Eighth Amendment." *Id.*

We are bound by the precedent discussed above and decline to conclude that Appellant's fine was excessive and/or a violation of the Eighth Amendment. The fine scheme imposed in *Church* pursuant to Section 4902(g)(1) is identical to the fine scheme imposed in the instant case. Notably, Appellant's total fine of $10,200 is significantly less than the $13,517 fine considered in *Church* over thirty years earlier, lending more support to the rejection of Appellant's argument and our conclusion that the fine is neither confiscatory nor beyond the bounds of all reason. For the foregoing reasons, Appellant is not entitled to relief on his constitutional challenge.

In conclusion, the Commonwealth presented sufficient evidence to convict Appellant of a violation of Section 4902(a), the trial court correctly

imposed a fine under section 4902(g)(1), and the imposed fine was not excessive nor unconstitutional.

Judgment of Sentence affirmed.
Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/2022