J-S33039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAIME HERNANDEZ | : | |
| | : | |
| Appellant | : | No. 302 WDA 2023 |

Appeal from the Judgment of Sentence Entered March 3, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-SA-0000435-2022

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED: October 24, 2023**

Jaime Hernandez appeals **pro se** from the March 3, 2023 judgment of sentence imposing a $50 fine and court costs after he was found guilty following a **de novo** hearing of harassment.[1]  After careful review, we affirm the judgment of sentence.

The trial court summarized the relevant facts of this case as follows:

> [O]n December 5, 2021, at approximately 10:42 p.m., [Ingram Borough Police Officer Brandy Harcha] observed a vehicle parked in the fire lane and partially blocking the driveway to the apartment buildings. [Appellant] was in the vehicle and [Officer Harcha] requested [Appellant] move the vehicle.  [Appellant] responded "why the f[**]k are you going to harass me."  Officer Harcha advised [Appellant] that he was

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2709(a)(3).

in violation for parking and she was going to write him a citation. [Appellant] aggressively got out of his vehicle and approached the driver's side of her patrol car while yelling. Officer Harcha ordered [Appellant] back into his vehicle multiple times but he refused and continued yelling. [Appellant] yelled "…this is why the police get shot, fuck the entire Crafton Police Department, burn in hell, I hope you fucking die and I'll spit on our grave, and police are the devil." [Appellant] continued to yell while getting back into his car and out of his window when he got back into his car "…this is why you people get shot, I will find you, fuck you, devil, and I hope you all die…[.]" People were looking out their windows from their apartments to see what was going on.

Trial court opinion, 5/12/23 at 2 (citations omitted).[2]

On April 5, 2022, Appellant was found guilty of the summary offense of harassment before the Magisterial District Court. On April 7, 2022, Appellant filed a notice of appeal from the summary conviction. A ***de novo*** hearing was ultimately held before the Honorable Thomas P. Caulfield on March 3, 2023. At the conclusion of this hearing, Appellant was found guilty of the aforementioned offense and sentenced to pay a $50 fine and court costs. This timely appeal followed on March 13, 2023.[3]

> Our standard of review from an appeal of a summary conviction heard ***de novo*** by the trial court is limited to a determination of whether the trial court committed an error of law and whether competent evidence supports the findings of fact. The adjudication of the trial court will not be disturbed on

---

[2] The trial court opinion does not contain pagination. For the ease of our discussion, we have assigned each page a corresponding number.

[3] Appellant and the trial court have complied with Pa.R.A.P. 1925.

> appeal absent a manifest abuse of discretion. An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will.

*Commonwealth v. Ishankulov*, 275 A.3d 498, 502 (Pa.Super. 2022) (citations and internal quotation marks omitted).

Prior to any consideration of the merits of Appellant's appeal, we must first determine whether his brief complies with the Pennsylvania Rule of Appellate Procedure.

It is well settled that parties to an appeal are required to submit briefs in conformity, in all material respects, with the requirements of the Rules of Appellate Procedure, as nearly as the circumstances of the particular case will admit. Pa.R.A.P. 2101. "This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure." *Commonwealth v. Lyons*, 833 A.2d 245, 252 (Pa.Super. 2003) (citations omitted), *appeal denied*, 879 A.2d 782 (Pa. 2005).

Here, our review reveals that Appellant's brief falls well below the standards delineated in our Rules of Appellate Procedure. Preliminarily, we observe that Appellant's brief does not contain a separate section specifying the order or determination sought to be reviewed; a statement of the scope and standard of review; a statement of the case; nor a short conclusion stating the precise relief sought. *See* Pa.R.A.P. 2111(a)(2), (3), (5), and (9).

Our review of Appellant's argument section reveals that he fails to conduct a meaningful discussion and analysis of any legal authority, in direct violation of Rule 2119(a). *See* Pa.R.A.P. 2119(a) (stating that the argument shall include "such discussion and citation of authorities as are deemed pertinent."). On the contrary, Appellant's sparse, four-page "Argument and Case History" is entirely devoid of citation to the record or any legal authority. *See* Appellant's brief at 3-6.[4] Additionally, Appellant's "Argument" is not "divided into as many parts as there are questions to be argued[,]" as this section contains no distinctive subheadings at all. *See* Pa.R.A.P. 2111(a)(8) and 2119(a).

Most significantly, Appellant has failed to include a "Statement of Questions Involved" in his brief in direct violation of Rule 2116(a), which provides that the statement of the questions involved must state the issues "**with sufficient specificity** to enable the reviewing court to readily identify the issues to be resolved…." Pa.R.A.P. 2116(a) note (emphasis added). Appellant's failure to include a statement of the questions involved is particularly troubling as this requirement defines the specific issues this court is being asked to review. *See e.g.*, *Smathers v. Smathers*, 670 A.2d 1159, 1160 (Pa.Super. 1996).

---

[4] Appellant's brief does not contain pagination. For the ease of our discussion, we have assigned each page a corresponding number.

As best we can discern from the "Summary of Argument" section in his brief, Appellant takes issue with the fact that the trial court postponed his case "for a period of almost 1 year[,]" and also challenges the sufficiency and weight of the evidence supporting his summary conviction for harassment. Appellant's brief at 2.

Given the substantial defects in Appellant's brief, we could quash his appeal for failure to comply with our Rules of Appellate Procedure. *Lyons*, 833 A.2d 245, 252. However, in light of the fact that none of Appellant's claims were sufficiently developed in his brief, we elect to find them waived. *See Commonwealth v. Taylor*, 277 A.3d 577, 591 (Pa.Super. 2022) (stating, "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review that claim is waived.") (citation omitted); *Commonwealth v. Richard*, 150 A.3d 504, 513–514 (Pa.Super. 2016) (stating, "arguments which are not appropriately developed are waived.") (citation omitted).

In reaching this decision, we note that we will not advocate or act as counsel for an appellant who has not substantially complied with our rules. *Bombar v. W. Am. Ins. Co.*, 932 A.2d 78, 93 (Pa.Super. 2007) (citation omitted). On the contrary, "any person choosing to represent himself in a legal proceeding must . . . assume that his lack of expertise and legal training

will be his undoing." ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa.Super. 2005).

Accordingly, for all the foregoing reasons, we affirm the trial court's March 3, 2023 judgment of sentence.

Judgement of sentence affirmed.


Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary


10/24/2023