J-S39013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MATTHEW PAUL PALOMBIA | : | |
| | : | |
| Appellant | : | No. 48 WDA 2024 |

Appeal from the Judgment of Sentence Entered December 7, 2023
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-SA-0000149-2023

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: MARCH 14, 2025**

Appellant, Matthew Paul Palombia, appeals from the December 7, 2023 judgment of sentence entered by the Washington County Court of Common Pleas, following his conviction of two summary offenses of Driving while Operating Privilege is Suspended or Revoked ("Driving Under Suspension"). Appellant's counsel, Rose A. Semple, Esq., has filed a petition to withdraw as counsel and an **Anders**[1] brief, and Appellant has not filed a response. Upon review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

We glean the following facts from the certified record. On the afternoon of August 6, 2023, Mt. Pleasant Police Officer Tyler Evans was monitoring traffic. He ran the plate of a passing 2005 Ford 500, which indicated that

---

[1] **Anders v. California**, 386 U.S. 738 (1967).

Appellant was the owner of the vehicle and that his operating privileges were suspended for Driving Under the Influence of Alcohol or Controlled Substances ("DUI"). Officer Evans initiated a traffic stop, during which he determined that Appellant was the driver. The officer charged Appellant with Driving Under Suspension and Driving Under Suspension-DUI related.

On September 12, 2023, a magisterial district judge found Appellant guilty of both counts, and Appellant appealed. On November 21, 2023, the trial court presided over a summary appeal at which Officer Evans testified to the above-stated facts. The Commonwealth additionally introduced Appellant's certified driving record, which included a December 2019 conviction for DUI as well as eight prior Driving Under Suspension violations.

Appellant testified in his own defense. He acknowledged that he knew he was driving with a suspended license at the time of the August 2023 stop due to his "failure to pay citations, [] for expired inspection, and probably driving uninsured[.]" N.T. Hearing, 11/21/23, at 18. Moreover, he admitted that his license had previously been suspended due to his 2019 DUI but claimed to be unaware that the suspension applicable at the time of the August 2023 stop was related to the DUI. Appellant also acknowledged that his certified driving record included eight prior Driving Under Suspension violations.

On November 22, 2023, the trial court found Appellant guilty of Driving Under Suspension and Driving Under Suspension–DUI related.[2]  While the court initially imposed sentences for both offenses, the court subsequently revised its sentence, finding that the sentences merged.  Thus, on December 7, 2023, the court sentenced Appellant on the violation of Driving Under Suspension, as a sixth or subsequent offense, to pay "a fine of $1,000, receive a driver's license suspension of 12 months, and be subject to 90 days of electronic home monitoring" but imposed "no further punishment" for Driving Under Suspension–DUI related.  Order, 12/7/23.

On January 5, 2024, Appellant filed a notice of appeal.  After the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) Statement, counsel filed a statement indicating her intent to seek to withdraw and to file an *Anders* brief with this Court, which she subsequently filed.

Counsel raises the following question in her *Anders* brief:

> Are there any issues that Appellant could raise on appeal that are not wholly frivolous?

*Anders* Br. at 7.   Counsel avers that Appellant "seeks to challenge his sentence and asserts that the trial court has abused its discretion." *Id.* at 10.

---

[2] 75 Pa.C.S. §§ 1543(a) (providing that "any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension . . . and before the operating privilege has been restored is guilty of a summary offense"); (b)(1)(i) (providing that a person is guilty of a summary offense for driving under suspension "when the person's operating privilege is suspended or revoked . . . because of a violation of [75 Pa.C.S. § 3802 (relating to DUI)]").

We turn first to counsel's petition to withdraw as "this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010). Our Supreme Court set forth the following requirements for counsel to withdraw pursuant to *Anders*:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Upon review of the *Anders* brief, we conclude that counsel satisfied these requirements. Additionally, counsel confirmed that she mailed Appellant a copy of the *Anders* brief and her petition to withdraw along with a letter informing him of his rights pursuant to *Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005).

Accordingly, we now "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5 (citation omitted); *see also Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (noting *Anders* requires the reviewing court to "review 'the case' as

- 4 -

presented in the entire record with consideration first of issues raised by counsel").

"Our standard of review from an appeal of a summary conviction heard *de novo* by the trial court is limited to a determination of whether the trial court committed an error of law and whether competent evidence supports the findings of fact." **Commonwealth v. Ishankulov**, 275 A.3d 498, 502 (Pa. Super. 2022). "An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will." **Id.** (citation omitted).

Addressing Appellant's claim that the trial court abused its discretion in imposing the sentence, we agree with counsel that Appellant cannot assert a viable substantial question as is required to challenge the discretionary aspects of his sentence. **See Commonwealth v. Miller**, 275 A.3d 530, 534 (Pa. Super. 2022) (observing that "[c]hallenges to the discretionary aspects of sentence are not appealable as of right.").[3] "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the

---

[3] As we find no substantial question, we need not address the other requirements for raising a challenge to the discretionary aspects of a sentence, which require an Appellant to "(1) fil[e] a timely notice of appeal; (2) properly preserv[e] the issue at sentencing or in a motion to reconsider and modify the sentence; (3) comply[] with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[.]" **Id.**

Sentencing Code; or (2) contrary to the fundamental norms [that] underlie the sentencing process." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation and quotation marks omitted).

Appellant cannot demonstrate that the sentence imposed in the instant case was inconsistent with the Sentencing Code or contrary to the fundamental norms of sentencing. Specifically, Appellant's sentence did not exceed the sentence dictated by the General Assembly, which directs that "[a] person convicted of a sixth or subsequent offense under [S]ection 1543(a) shall be sentenced to pay a fine of not less than $1,000 and to imprisonment for not less than 30 days but not more than six months." 75 Pa.C.S. § 6503(a.1). In this case, the trial court imposed a fine of $1,000 and 90 days of electronic home monitoring.[4] We conclude that Appellant's claim is frivolous.

Thus, based upon our independent review of the proceedings, we agree with counsel that there are no issues of arguable merit to be raised on appeal. Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

_____

[4] The court additionally stated that Appellant's license would be suspended for one year, which conforms to Section 1543(c), providing that "if the department's records show that the person was under suspension, recall or cancellation on the date of violation, and had not been restored, the department shall suspend the person's operating privilege for an additional one-year period." 75 Pa.C.S. § 1543(c)(1).

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 3/14/2025